UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:14-CV-117-F

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br>        Plaintiff,<br><br>vs.<br><br>IVONNE I. BETANCOURT and RAFAEL O. MOLINA, JR.,<br>        Defendants.<br><br>and<br><br>RAFAEL O. MOLINA, JR.,<br>        Cross-Claim Plaintiff and Defendant,<br><br>vs.<br><br>IVONNE I. BETANCOURT,<br>        Cross-Claim Defendant and Plaintiff. | **ORDER** |

This matter is before the court on the Motion for Entry of Default [DE-23] Against Ivonne I. Betancourt as to Rafael O. Molina Jr.'s Cross Claim.

Plaintiff Metropolitan Life Insurance Company ("MetLife") initiated this action by filing the Complaint for Interpleader [DE-1] naming Ivonne Betancourt and Rafael Molina as defendants. Molina filed his Answer to the Compliant for Interpleader, and a Cross-Claim against Betancourt [DE-11] on March 19, 2014. Betancourt, proceeding pro se, moved for extensions of time [DE-14; DE-16] to file her answer to the Complaint for Interpleader and

Molina's Cross-Claim, which were allowed [DE-15; DE-17]. Betancourt had until April 28, 2014, to file those pleadings.

On April 25, 2014, Betancourt filed her Answer and Cross-Claim [DE-19] against Molina. She did not explicitly file an answer to Molina's Cross Claim. Shortly thereafter, Molina filed the instant motion. Betancourt has responded [DE-27] to the motion, stating that her Answer and Cross-Claim [DE-19] was intended to be a response to Molina's Cross-Claim.

Although it may have been Betancourt's intent that her Answer and Cross-Claim [DE-19] serve as response to Molina's Cross-Claim, it does not have that effect under the Federal Rules of Civil Procedure. Rule 8(b) provides that provides that in responding to a pleading, a party must admit or deny the allegations asserted against her by an opposing party. Fed. R. Civ. P. 8(b)(1)(B). Additionally, that rule provides that an allegation is admitted if a responsive pleading is required and the allegation is not denied. Fed. R. Civ. P. 8(b)(6). Betancourt's Answer and Cross-Claim [DE-19] does not specifically admit or deny the allegations set forth in Molina's Cross-Claim. Instead, it responds only to the allegations set forth in the Complaint for Interpleader, and then sets forth Betancourt's Cross-Claim against Molina.

Nevertheless, the court is cognizant of the Fourth Circuit's admonition that "the clear policy of the [Federal] [R]ules [of Civil Procedure] is to encourage the disposition of claims on their merits." *United States v. Moradi*, 673 F.2d 725, 727-28 (4th Cir. 1982) (citing *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)). Accordingly, the court will construe Betancourt's response [DE-27] as a motion for extension of time to file an Answer to Molina's Cross-Claim, and ALLOW the motion. Betancourt has until **June 27, 2014** to file her Answer to Molina's Cross-Claim. The Motion for Entry of Default [DE-23] is DENIED without prejudice.

2

SO ORDERED.

This the 30th day of May, 2014.

                                              */s/ James C. Fox*
                                              James C. Fox
                                              Senior United States District Judge